IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALKER'S SODA SHOP, *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-3573 |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, *Defendant.* | § § § § § | |

## NOTICE OF REMOVAL

Defendant, Allied Property and Casualty Insurance Company (hereinafter "Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the captioned action *Walker's Soda Shop v. Allied Property and Casualty Insurance Company*; Cause No. 15-14186-012-10, in the 12th District Court of Madison County, Texas.

## I. BACKGROUND

1. Plaintiff Walker's Soda Shop initiated the present action by filing its Original Petition in Cause No. 15-14186-012-10, in the 12th District Court of Madison County, Texas on November 9, 2015 (the "State Court Action").[1]

2. Defendant filed its Original Answer on December 4, 2015 prior to any formal service of process, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

---

[1]   Exhibit A, Plaintiff's Original Petition.

[2]   Exhibit B, Defendant's Original Answer.

## II. DIVERSITY JURISDICTION

3. Pursuant to 28 U.S.C. § 1441(a) "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, the Court under 28 U.S.C. § 1332(a)(1) has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Plaintiff is a business located in Madison County, Texas. Allied Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Accordingly, the diversity of citizenship requirement is met.

5. Plaintiff's Original Petition states that Plaintiff will not seek "monetary damages that exceed $75,000.00, exclusive of interest and cost."[3] Plaintiff's pleading denominates this allegation as a "stipulation," but does not include language that makes it binding and irrevocable. Instead, it is no more determinative than any other portion of Plaintiff's pleading, which may be freely amended under the Texas Rules of Civil Procedure until the seventh day before trial.[4] A bare assertion in a pleading, without more, is not binding on Plaintiff, and therefore does not conclusively set the amount in controversy below the minimum for federal jurisdiction.[5]

---

[3] Exhibit A, Plaintiff's Original Petition, at pp. 3-4.

[4] TEX. R. CIV. P. 63; *see also Ford v. U. Parcel Serv., Inc.*, 2014 WL 4105965 at *4 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.). Because Plaintiff has pleaded this case under the Texas Rules' expedited process, there are certain other pleading restrictions that do not change the analysis as to this removal. *See* TEX. R. CIV. P. 169.

[5] *Ford v. U. Parcel Serv., Inc.*, 2014 WL 4105965 at *4.

6.       Under 28 U.S.C. § 1446(c)(2), where removal is sought on the basis of diversity under 28 U.S.C. § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." The amount-in-controversy inquiry, however, "does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith."[6] A pleading for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more and that the plaintiff may be able to evade federal jurisdiction by virtue of the pleading is the definition of bad faith.[7]

7.       In Texas, the law does not permit a plaintiff to plead for a specific amount, but rather the law requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court and that the party seeks one of a pre-defined range of damages.[8] In this case, Plaintiff does not include the range required by Texas Rule of Civil Procedure 47. Instead, Plaintiff merely declared he is seeking monetary relief that will not exceed $75,000.[9] This specific demand cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as bad faith."[10] As a functional matter, Plaintiff is attempting to avoid federal jurisdiction, and his pleaded sum should not control the court's analysis.[11]

---

[6]   *Santiago v. State Farm Lloyds,* 7:13-CV-83, 2013 WL 1880845 at *1 (S.D. Tex. May 3, 2013) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995)).

[7]   *De Aguilar*, 74 F.3d at 1410.

[8]   Tex. R. Civ. P. 47(b) - (c).

[9]   Exhibit A, Plaintiff's Original Petition, at pp. 3-4.

[10]  *Garcia v. Kellogg USA, Inc.,* No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410)); *see also Villarreal v. State Farm Lloyds,* No. 7:15-CV-292, 2015 WL 5838876 (S.D. Tex. Oct. 7, 2015).

[11]  *De Aguilar*, 47 F.3d at 1410.

8. Plaintiff's Original Petition generally alleges that Plaintiff's business property insured under a policy issued by Allied was damaged, and that the parties dispute over the extent of covered damage.[12] Plaintiff further alleges that Allied breached the applicable contract of insurance, and that Allied also violated chapters 541 and 542 of the Texas Insurance Code. These claims, if proved, would permit Plaintiff to potentially recover not only any amounts unpaid under the policy, but also statutory additional damages and attorneys' fees.[13] All of Plaintiff's monetary claims, including claims for penalties, exemplary damages, and attorney's fees, are included as part of the amount in controversy.[14]

9. Plaintiff has produced a contractor's estimate that totals $122,321.95, and which indicates that supplements may be required and that the estimate is subject to increase in cost if additional damage is found.[15] Although Allied has made some indemnity payments, the parties could not agree on the amount of loss or the scope of repairs. Thus, the true amount in controversy should be calculated as Plaintiff's full policy limits for property damage[16] of $330,800 less prior payments, which were $65,722.74 as of September 16, 2015. That yields a total of $265,077.26, more than three times the federal minimum. In addition, Plaintiff's counsel has stated that Plaintiff will have a business income loss claim and has provided document showing more than $28,000 per month in sales, with the policy limiting Plaintiff to twelve months' business income. Plaintiff's

---

[12] Exhibit A, Plaintiff's Original Petition, at p. 2.

[13] *See* Tex. Ins. Code § 541.152 (setting forth recoverable damages including attorneys' fees) and

[14] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[15] See Bell Tax Estimate attached hereto as Exhibit C.

[16] The declarations pages of Plaintiff's policy are attached hereto as Exhibit D.

4

breach of contract claim alone clearly exceeds the minimum amount in controversy for federal jurisdiction.

10. Moreover, Plaintiff's claims under Chapters 541 and 542 of the Texas Insurance Code would potentially allow recovery of treble damages and a penalty of 18% per annum. Finally, the statutes permit recovery of reasonable attorneys' fees.  Taken together or separately, these recoveries plainly push Plaintiff's recovery above the floor for this Court's jurisdiction.

11. Removal is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendant, the amount in controversy exceeds $75,000, and Defendant is not a citizen of the state in which this case was brought.

12. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 12th Judicial District Court of Madison County, Texas.

13. Pursuant to 28 USC § 1446(a), all required process, pleadings, and orders in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832
pkemp@smsm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

5

OF COUNSEL:

Robert R. Russell
Texas Bar No. 24056246
Southern District Bar No. 876504
rrussell@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
Phone: (512) 476-7834
Fax: (512) 476-7832

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail/return receipt requested on this 9th day of December, 2015:

Kevin R. Knight                                                                                    *7196 9008 9111 1861 4778*
Roger Knight, Jr., Inc.
Attorney at Law
P.O. Box 925
Madisonville, Texas 77864

                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp